UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN Q. CHRISTOPHER, et al.,<br><br>    Plaintiffs,<br>  vs.<br><br>FIRST FRANKLIN FINANCIAL CORP., et al.,<br><br>    Defendants. | CASE NO. 10CV17 DMS (CAB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. 6.] |

Pending before the Court is Defendants' motion to dismiss and motion to strike portions of Plaintiffs' First Amended Complaint ("FAC"). For the following reasons, the motion to dismiss is granted.

**I.**

**BACKGROUND**

This matter arises out Plaintiff Herman Q. Cristopher's home loan and subsequent foreclosure of real property located in San Diego, California. Plaintiffs are Herman Q. Cristopher and Deshawn Reilly.[1] Defendants are First Franklin Financial Corporation, LaSalle Bank, Merrill Lynch Mortgage

---

[1] Although the FAC lists Herman Q. Cristopher and Deshawn Reilly as Plaintiffs, none of the factual allegations in the FAC relate to Plaintiff Reilly. Indeed, Plaintiffs acknowledge that Mr. Reilly makes no claims in the lawsuit. (Pl. Opp'n 23.) Mr. Reilly signed the verification to the FAC as President of DBR Strategies, Inc., but DBR Strategies, while referred to in the FAC, is not named as a Plaintiff. If Plaintiff chooses to amend the complaint, clarification of the parties is necessary.

- 1 -                                                                                              10cv17

Loan Trust 2007-4, Bank of America, Mortgage Electronic Registration Systems, Inc. ("MERS), Home Loan Services, Inc., and Cal-Western Reconveyance Corp.

On or about April 20, 2007, Plaintiff Christopher obtained a loan from Defendant First Franklin Financial Corporation in exchange for a deed of trust on the real property. (FAC ¶ 18.) The deed of trust was recorded on April 26, 2007. (*Id.* at Ex. B.) On July 10, 2007, Christopher recorded a grant deed in favor of DBR Strategies, Inc. (*Id.* at ¶ 2, Ex. A.) On September 12, 2007, Defendants LaSalle Bank, Merrill Lynch, and Cal-Western Reconveyance recorded a notice of default on the property. (Id at ¶ 21, Ex. C.) On February 1, 2008, Defendants recorded a Notice of Trustee's Sale, setting the sale date for February 20, 2008. (*Id.* at Ex. D.) The home was sold at the trustee's sale to Defendants LaSalle and Merrill Lynch. (*Id.* at ¶ 23.)

Plaintiffs contend that Defendants have not obtained a valid assignment of Plaintiffs' loan and that all rights and title claimed under the loan are invalid. (*Id.* at ¶¶ 12, 14.) Plaintiffs assert nine claims for relief: 1) to set aside sale; 2) cancel trustee's deed; 3) quiet title; 4) unfair debt collection practices; 5) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; 6) violation of 15 U.S.C. § 1639; 7) conspiracy to commit fraud and conversion; 8) conspiracy to commit fraud related to MERS; and 9) declaratory relief.

Plaintiffs' original complaint was removed from state court on January 5, 2010. (Doc. 1.) On February 5, 2010, Plaintiffs filed the FAC. (Doc. 4.) Defendants filed the instant motion on March 11, 2010. (Doc. 6.) Plaintiffs filed an opposition (Doc. 9); Defendants did not file a reply.

## II.

## LEGAL STANDARD

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining

1 whether a complaint states a plausible claim for relief will ... be a context-specific task that requires
2 the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal*
3 *v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the
4 allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then
5 considered "the factual allegations in respondent's complaint to determine if they plausibly suggest
6 an entitlement to relief." *Id.* at 1951.

### III.

### DISCUSSION

Initially, Defendants contend that each of Plaintiffs' claims fail because the FAC relies largely on conclusory allegations, without any factual support. Defendants argue that all of Plaintiffs' claims stem from the allegation that various assignments were invalid or unrecorded. Defendants contend that the assignments were recorded, as shown by the documents in Defendants' request for judicial notice.[2]

Plaintiffs argue the FAC is sufficient, especially in light of the documents attached to the FAC and the documents submitted by Defendants. Plaintiffs contend there is a date discrepancy in the assignments provided by Defendant and that this indicates that one of the assignments was forged. Plaintiffs further contend that there is no chain of title from First Franklin, the original note holder, to LaSalle Bank, the entity listed on the Notice of Default, and that any contracts involving MERS are voidable because MERS has failed to pay state taxes.

Although Plaintiffs' opposition raises questions as to the validity of the assignments, the FAC itself does not provide sufficient notice to Defendants to be able to respond to Plaintiffs' claims. It is clear from the FAC that Plaintiff Christopher obtained a loan secured by a deed of trust on his property. After that, the FAC simply concludes that any subsequent activity was invalid and that the foreclosure was done improperly. Accordingly, the Court dismisses Plaintiffs' complaint, with leave to amend to clarify the claims. Nevertheless, the Court addresses Defendants' arguments as to each individual claim.

---

[2] Defendants' request for judicial notice is granted.

**A.   Tender**

Defendants contend that Plaintiffs' claims to set aside the sale, cancel the trustee's deed, and quiet title fail because Plaintiffs have failed to allege tender. Defendants are correct that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971). Here, however, Plaintiffs allege they are "willing and able to tender" once the proper party has been determined (FAC ¶ 25.)

Notably, however, Plaintiffs' claim to set aside the foreclosure and cancel the trustee's deed is based on the allegation that the foreclosure sale was improper because the "true beneficiary or beneficiaries were not properly identified nor assigned the promissory note" and because the promissory note was separated from the deed of trust. (FAC ¶¶ 24, 29.) To the extent Plaintiffs base their claims on Defendants' failure to possess both the promissory note and the deed of trust, Plaintiffs' claims fail. "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). In such a sale, no party needs to physically possess the promissory note. *See* Cal. Civ. Code § 2924(a)(1)  (trustee's sale may be conducted by the "trustee, mortgagee, or beneficiary or any of their authorized agents"). Because "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive," the Court cannot "incorporate [the UCC's possession rule] into statutory nonjudicial foreclosure proceedings." *Moeller*, 25 Cal. App. 4th at 834.

**B.   Unfair Debt Collection Practices**

Plaintiffs assert claims for unfair debt collection practices based on violations of California's Rosenthal Act, Cal. Civ. Code § 1788 *et. seq.*, the Federal Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692 *et seq.*, and the Real Estate Settlement Procedures Act (RESPA), 12 USC §§ 2601-2617. (FAC ¶ 43.) Plaintiffs' claim fails because Plaintiffs do not allege that any of the Defendants are "debt collectors" under the Rosenthal Act or the FDCPA; Plaintiffs also do not specify which provisions of the statutes were allegedly violated. *Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Plaintiffs also fail to allege how Defendants violated RESPA and

how such a violation constitutes an "unfair debt collection practice."

### C.    UCL

The UCL proscribes "any unlawful, unfair or fraudulent business act or practice[.]" These varieties of unfair competition are disjunctive, *i.e.*, any act that is " 'unlawful, unfair[,] or fraudulent' "can serve as the basis for a claim of unfair competition liability. *Cel-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999); *In re Pomona Valley Med. Group*, 476 F.3d 665, 674 (9th Cir. 2007). Defendants argue the UCL claim fails because Plaintiffs have not properly pled any statutory violations. The Court agrees. Plaintiffs' UCL claim is based on Defendants' alleged failure to comply with the disclosure requirements of section 1632 of the California Civil Code as well as the statutes listed by Plaintiffs in the unfair debt collection practices section. The unfair debt collection practices claims are not properly pled, as discussed above. Section 1632 of the California Civil Code involves loan transactions that are negotiated in languages other than English. There are no allegations in the FAC related to a claim under section 1632. While Plaintiffs argue that the business practices were also unfair or fraudulent, the FAC only alleges that Defendants' acts were unlawful. (FAC ¶ 46.)

### D.    15 U.S.C. § 1639

Plaintiffs allege that Defendant Franklin violated 15 U.S.C. § 1639(h) by extending credit to Plaintiff Christopher without verifying his ability to repay the loan. (FAC ¶¶ 54-55.) This claim, however, is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The loan was consummated April 20, 2007, and is thus barred by the statute of limitations. Plaintiffs fail to plead any facts to support a claim for tolling the statute.

### E.    Conspiracy

Plaintiffs' seventh and eighth claims allege Defendants engaged in a conspiracy to commit fraud and conversion and to commit fraud in relation to the MERS system. The elements of a conspiracy claim are: 1) the formation and operation of the conspiracy, 2) wrongful conduct in furtherance of the conspiracy; and 3) damages arising from the wrongful conduct. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (Cal. App. 1995). Conspiracy is not an independent tort; "[a] complaint for civil conspiracy states a cause of action only when it alleges the commission

of a civil wrong that causes damage." *Okun v. Superior Court*, 29 Cal. 3d 442, 454 (1981).

Here, the FAC alleges in a conclusory fashion that Defendants formed an association to deprive Plaintiffs of their property through fraud and misrepresentation and that Defendants acted in furtherance of a conspiracy to misrepresent the terms of the loan to Plaintiffs.  (FAC ¶¶ 58, 66.) Plaintiffs further allege that MERS is a sham and that Defendants "did willfully and knowing conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate, and actively engage in fraudulent and predatory lending practices." (*Id*. at ¶ 72.)  Fraud allegations, however, must meet the heightened pleading standards of Rule 9(b), which requires allegations pertaining to  "the who, what, when, where, and how" of the misconduct charged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  When there are multiple defendants, "a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citations omitted).  Here, all of Plaintiffs' allegations are directed to "Defendants" generally, without identifying which Defendants made the misrepresentations or how the claims were false.

## IV.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted.  Plaintiffs may file an amended complaint consistent with this Order within twenty (20) days of the date this Order is posted. Defendants' motion to strike is denied as moot.

**IT IS SO ORDERED.**

DATED: April 30, 2010

_____
HON. DANA M. SABRAW
United States District Judge