**LAW OFFICES OF EDWARD J. PECKHAM**
**Edward J. Peckham, Attorney at Law (SBN86609)**
**3914 Murphy Canyon Road, Suite A218**
**San Diego, California 92123**
**858-278-0888**
**FAX 858-751-0626**

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN Q. CHRISTOPHER, an individual; DBR STRATEGIES, INC, a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation; LASALLE BANK, N.A.; MERRILL LYNCH MORTGAGE LOAN TRUST 2007-4, Mortgage Loan Asset-Backed Certificates, Series 2007-4, Its Successors and/or Assigns; BANK OF AMERICA, N.A., a Delaware Corporation; AND DOES Individuals 1 to 20, Inclusive; and ROES Corporations 1 to 20, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien, or interest in the real property described in the complaint adverse to Plaintiffs ownership, or any cloud upon Plaintiffs title thereto,<br><br>Defendants. | Case No.: 10-CV-0017 DMS CAB<br><br>SECOND AMENDED VERIFIED COMPLAINT<br><br>1. TO SET ASIDE SALE;<br>2. TO CANCEL TRUSTEE'S DEED;<br>3. QUIET TITLE;<br>4. UNJUST ENRICHMENT;<br>5. DECLARATORY RELIEF;<br>6. ACCOUNTING |

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 1**

## FACTS COMMON TO ALL CAUSES OF ACTION
## PARTIES

1. At all times mentioned herein, Plaintiff HERMAN Q. CHRISTOPHER (hereinafter "CHRISTOPHER") was and is an individual residing in the County of San Diego, and is Trustor under security instrument of the subject real property located at 10621 Birch Bluff Ave., San Diego, California 92131, (hereinafter "SUBJECT PROPERTY"). The legal description of the Subject Property is attached as Exhibit "A".

2. At all times mentioned herein, Plaintiff DBR STRATEGIES, INC. (hereinafter "DBR") is and was a California Corporation which acquired title to the subject property by virtue of a grant deed assigning all rights, title and interest to the SUBJECT PROPERTY from plaintiff CHRISTOPHER, effective on July 10, 2007. A copy of said Grant Deed is attached as Exhibit "B".

3. At all times mentioned herein, defendant FIRST FRANKLIN FINANCIAL CORPORATION, (hereinafter "FRANKLIN"), was and is a Delaware Corporation doing business in the State of California. At all times mentioned herein, FRANKLIN was and is a mortgage lender.

4. At all times mentioned herein defendant LASALLE BANK, N.A. (hereinafter "LASALLE") was and is a bank now merged with and whose assets are owned by defendant BANK OF AMERICA, (hereinafter "BANK OF AMERICA") a Delaware corporation. Defendant LASALLE, though owned by BANK OF AMERICA, was and is trustee for defendant MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST 2007-4, (hereinafter "MERRILL LYNCH").

5. At all times herein mentioned plaintiffs are informed and believe and thereon allege that defendant MERRILL LYNCH is the trustee for an investment trust entitled "Mortgage Loan Asset-Backed Certificates, Series 2007-4, Its Successors and/or Assigns".

6. Plaintiffs are ignorant of the true identity and capacity of defendants designated as DOES 1-20 and ROES Corporate defendants 1 to 20, but will amend the Complaint when their identities have been ascertained and each and every DOE and ROE corporate defendant and sues such unknown or fictitiously-named defendants by such fictitious names or unknown capacities as having said interest in said subject property. Each of the aforesaid defendants is in some manner liable to plaintiff or claims some right, title, or interest in the subject property adverse to the plaintiff, or both.

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 2**

## VENUE AND JURISDICTION

7. Venue is proper in this court, as the SUBJECT PROPERTY is located within San Diego County, California.

## JURY TRIAL DEMANDED

Plaintiffs complain against defendants herein and demand a trial by jury on all issues.

8. This action pertains to an alleged promissory note, loan and security interest originated by defendant FRANKLIN known as loan numbered 1044878353 (hereinafter "LOAN"). Said LOAN was executed by plaintiff CHRISTOPHER on or about April 20, 2007.

9. Plaintiffs are informed, believe and thereon allege that defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH, and other defendants purchased or otherwise acquired unknown rights and/or claims relating to plaintiffs' LOAN from defendant FRANKLIN at some date unknown to plaintiffs. All such rights and responsibilities depend on the rights of defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH and other defendants.

10. Plaintiff is informed and believes and thereon alleges that defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH and other defendant and anyone claiming rights in the SUBJECT PROPERTY pursuant to the LOAN are responsible for the actions of the other defendants to the extent they must rely on those actions in order to enforce any obligations they contend are owed by plaintiff pursuant to the LOAN.

11. All defendants are agents, employees and other fiduciaries of each other as set forth within. Each of the wrongful acts by defendants against plaintiff set forth within was done within the scope of employment. Defendants were acting as agents and employees and in the transaction of the business of the employment or agency when performing their wrongful actions. Defendants are therefore directly, jointly and severally liable to plaintiff for the actions of LASALLE, BANK OF AMERICA, MERRILL LYNCH the employees of said parties and all other defendants as set forth within.

## FIRST CAUSE OF ACTION TO SET ASIDE TRUSTEE SALE
### (AGAINST DEFENDANTS LASALLE, BANK OF AMERICA, MERRILL LYNCH, AND DOES 1-10 AND ROES 1-10 INCLUSIVE)

12. Plaintiffs reallege and incorporate by reference all the allegations of the Verified Complaint, as though herein fully set forth.

13. On or about April 20, 2007, for valuable consideration, plaintiff CHRISTOPHER, as borrower, made, executed, and delivered to defendant FRANKLIN a written promissory note in

PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 3

the amount of $1,200,000. Plaintiff does not have possession of a copy of the note, however the terms of which were that plaintiff was to repay the note over a period of 30 years based upon a variable interest rate which changed periodically.

14. To secure payment of the principal sum and interest as provided in the note and as part of the same transaction plaintiff CHRISTOPHER, as trustor, executed and delivered to defendant FRANKLIN, as beneficiary, a deed of trust dated April 20, 2007 by the terms of which, plaintiff CHRISTOPHER as trustor, conveyed Landamerica Southland Title as trustee, real property described in paragraph1. On April 26, 2007 the deed of trust was recorded against the subject property in San Diego County Recorder's office. A copy of the deed of trust is attached as Exhibit "C".

15. On or about June 1, 2007 defendant CHRISTOPHER went into default on the LOAN.

16. On July 2, 2007 plaintiff CHRISTOPHER conveyed title to the SUBJECT PROPERTY to plaintiff DBR by grant deed. By this conveyance, plaintiff DBR has obtained legal rights to challenge the title of the Subject Property. A copy of the grant deed is attached as Exhibit "B".

17. On August 29, 2007 the Deed of Trust was assigned to defendant LASALLE by defendant FRANKLIN. The assignment was signed by one Eileen J. Gonzales as assistant Vice-President for defendant FRANKLIN. A copy of the assignment of the deed of trust is attached as Exhibit "D".

18. On August 31, 2007 the Deed of Trust was assigned to defendant FRANKLIN by Mortgage Electronic Registration Systems, Inc as nominee for First Franklin Financial Corp. an OP Sub of MLB & T Co., FSB. The assignment was again signed by one Eileen J. Gonzales as Vice-President for Mers. A copy of the assignment of the deed of trust is attached as Exhibit "E".

19. The two assignments of the Deed of Trust referenced in paragraphs 22 and 23 above were assigned out of order. Defendant FRANKLIN could not assign the Deed of Trust on the 29th of August because it had not been assigned the Deed of Trust until one day later. Furthermore, Eileen J. Gonzales was not the Vice-President of both companies at the same time.

20. On September 12, 2007, defendants LASALLE and MERRILL LYNCH caused to be recorded a Notice of Default and an election to sell in document 2007-0601404 of the Official Records of San Diego County, California. A copy of the Notice of Default is attached as Exhibit "F".

21. Said Notice of Default alleged that a breach of the obligation secured by the deed of trust had occurred, consisting of plaintiff CHRISTOPHER's alleged (a) failure to pay monthly installments of principal and interest and (b) unidentified beneficiary elected to sell or cause to be sold, the trust property to satisfy that obligation.

22. On February 1, 2008 a Notice of Trustee Sale was recorded with the San Diego County Recorder's Office setting forth the intent to sell the trust property at public auction at 10:00 a.m. on February 20, 2008 at the entrance to the East County Regional Center, 250 E. Main Street, El Cajon, California attached as Exhibit "G" and incorporated by reference.

23. The trustee purported to sell the trust property on May 12, 2008 and caused to be executed and delivered a trustee's deed to defendant LASALLE and MERRILL LYNCH. The deed was recorded as document #2008-0254485 on the book of the Official Records of San Diego County, California. A copy of the Trustee's Deed is attached as Exhibit "H" and incorporated here by reference.

24. Furthermore, Plaintiffs are informed and believe and thereon allege that the original promissory note secured by the deed of trust has been lost, stolen or destroyed or has not been properly assigned from defendant FRANKLIN to any other entity claiming a right to repayment under the terms of the promissory note.

25. Plaintiff is informed and believes that defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH and other defendants knew or should have known that all the rights and title claimed under the LOAN and any related Note or Trust Deed were wrongfully obtained and are invalid, and that any such rights and title or claims thereto were of no legal force.

26. Plaintiffs allege upon information and belief that defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH, and all other unknown or unidentified claimants to said SUBJECT PROPERTY are not holders in due course of the promissory note referenced in the Deed of Trust identified in the Notice of Trustee's Sale.

27. Additionally, Plaintiffs allege upon information and belief that the MERRILL LYNCH MORTGAGE LOAN TRUST 2007-4, Mortgage Loan Asset-Backed Certificates, Series 2007-4, Its Successors and/or Assigns fund (hereinafter "FUND") is subject to a "pooling and service agreement" to which all depositors of promissory notes must comply.

28. Plaintiffs allege upon information and belief that said "pooling and service agreement" prohibits the deposit of promissory notes which are in default at the time they are

deposited into the FUND. Plaintiff CHRISTOPHER was in default on the LOAN on June 1, 2007.

29. Plaintiffs allege upon information and belief that the defendants BANK OF AMERICA and or MERRILL LYNCH, in violation of its own pooling and service agreement by depositing the promissory note into the FUND when the note was in default.

30. Thus, by the terms set forth in the pooling and service agreement, the defendants who claim to be the owners of the promissory note as owners or investors of the FUND do not in fact own said note because it could not be deposited into the FUND when the note was in default. Lacking ownership of the note, the defendants fraudulently and unlawfully engaged in the non-judicial foreclosure process in the State of California.

31. Based on the foregoing, the non-judicial foreclosure sale was improperly held and the trustee's deed was wrongfully executed, delivered, and recorded in that Deed of Trust and the promissory note were not held by the same entity at the time of the sale according to the documents filed with the San Diego County Recorder's Office; the foreclosing entity was not the owner of the promissory note and had no lawful authority to foreclose. Thus, the plaintiffs allege that the deed of trust was separated from said promissory note such that the SUBJECT PROPERTY was no longer secured under the terms of the deed of trust and could thus not be sold pursuant to the provisions of said deed of trust.

32. Based upon the foregoing allegations regarding the presumptions set forth in California Civil Code Section 2924 et seq. providing for non-judicial foreclosures are overcome and the defendants have the burden to prove they have the right to foreclose.

33. Based on the foregoing the plaintiffs seek a court order setting aside the trustee sale.

### SECOND CAUSE OF ACTION TO CANCEL TRUSTEE'S SALE
### (AS TO DEFENDANTS LASALLE, BANK OF AMERICA and MERRILL LYNCH)

34. Plaintiffs reallege and incorporate by reference all the allegations of the Verified Complaint, as though herein fully set forth.

35. Defendants LASALLE, BANK OF AMERICA and MERRILL LYNCH claim an estate or interest in the real property described in paragraph 1 adverse to that of plaintiff, but defendant's claims are without any right; defendant has no estate, right title, or interest in the real property.

36. The claims of defendants LASALLE, BANK OF AMERICA and MERRILL LYNCH are based on the trustee's deed (Exhibit "H"), purporting to have been executed by and

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 6**

delivered to defendant LASALLE and MERRILL LYNCH on or about May 12, 2008 and purporting to convey the property to defendants LASALLE and MERRILL LYNCH.

37. Although the trustee's deed appears valid on its face, it is invalid, void or voidable and of no force or effect regarding plaintiffs' interests in the SUBJECT PROPERTY described in paragraph 1, for the reasons set forth above.

38. The interest in the described SUBJECT PROPERTY by defendants LASALLE, BANK OF AMERICA and MERRILL LYNCH based on the trustee's deed, is a cloud on plaintiffs' title in and to the SUBJECT PROPERTY, tends to depreciate its market value, restricts plaintiffs' full use and enjoyment of the SUBJECT PROPERTY, and hinders plaintiffs' right to unrestricted alienation of it. If the trustee's deed is not delivered and canceled, there is a reasonable fear that plaintiff will suffer serious injury.

39. Based upon the allegations set forth above the plaintiffs seek a court order setting aside the trustee's deed.

### THIRD CAUSE OF ACTION QUIET TITLE
### (AS TO ALL DEFENDANTS)

40. Plaintiffs reallege and incorporate by reference all the allegations of the Verified Complaint, as though herein fully set forth.

41. On or about April 20, 2007 plaintiff CHRISTOPHER purchased the SUBJECT PROPERTY having the following legal description in Exhibit "A" and having a street address as: 10621 Birch Bluff Ave. San Diego, CA 92131.

42. The SUBJECT PROPERTY was purchased from the former owners and plaintiff CHRISTOPER signed a promissory secured by a deed of trust and obtained funds for the purchase in the amount of $1,200,000 and borrowing the funds from defendant FRANKLIN.

43. The loan agreement is not it possession of the plaintiff CHRISTOPHER however the terms of which were that plaintiff CHRISTOPHER was to repay the note over a period of 30 years based upon a variable interest rate which changed periodically.

44. Plaintiffs further allege that defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH or all other unknown or unidentified claimants to said SUBJECT PROPERTY, as set forth above, lack the status of a "holder in due course" and have falsely claimed to have the rights of power of sale set forth in the Deed of Trust.

45. Plaintiffs are seeking to quiet title against the claims of all defendants named herein based on the forgoing allegations.

46. Plaintiffs seek to quiet title as of the date of the Trustee sale.

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 7**

47. Plaintiffs seek a judicial declaration that the title to the SUBJECT PROPERTY is vested in plaintiffs alone and that defendants and each of them, herein be declared to have no estate, right, title or interest in the SUBJECT PROPERTY and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the SUBJECT PROPERTY, adverse to plaintiffs herein.

48. Plaintiffs having knowledge and belief of the false claims of defendants are willing and able to tender any amounts to the real and true owners of the original promissory note upon proof that the note is in the lawful possession of the true and owners and upon any credits paid by insurance in the event of a default.

## FOURTH CAUSE OF ACTION UNJUST ENRICHMENT
## (AS TO ALL DEFENDANTS)

49. Plaintiffs reallege and incorporate by reference all the allegations of the Verified Complaint, as though herein fully set forth.

50. Plaintiffs are informed and believe and thereon allege that defendants have received insurance reimbursement(s) under terms of an insurance policy to protect the defendants in the event that the buyer went into default on his payment on the promissory note. Said payments would be paid when the note went into default as set forth above.

51. Defendants are unjustly enriched in this instance because not only were they paid some amounts for their losses on the promissory notes but are now seeking to reacquire the residence ostensibly for the purpose of selling the property at a substantial profit.

52. Payments to the defendants under any insurance policy upon default in payments by the plaintiffs and reacquisition of the SUBJECT PROPERTY constitute an unjust enrichment to defendants because defendants have been partially or fully compensated for their losses.

53. Based on the foregoing, plaintiffs seek credits in an unknown amount for payments made to the defendants for the default.

## FIFTH CAUSE OF ACTION DECLARATORY RELIEF
## (AS TO ALL DEFENDANTS)

54. Plaintiffs reallege and incorporate by reference all the allegations of the Verified Complaint, as though herein fully set forth.

55. Plaintiff alleges that an actual controversy exists as to the following issues:

a. Plaintiffs allege that the non-judicial foreclosure was unlawful and based upon fraud in that the defendants did not have the right to foreclose because the deed of trust was improperly

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 8**

1  transferred and not held by the foreclosing entity at the time of the foreclosure; that the
2  foreclosing entity did not possess the promissory note because it was not properly assigned;
3      b. Plaintiff contends that the non-judicial foreclosure sale of March 11, 2008 is improper
4  in that defendants are not the holders of the original note or that it was deposited into the FUND
5  in violation of the pooling and servicing agreement. However, plaintiff believes and thereon
6  alleges that the defendants will contend that they are the holders of the original note of the
7  SUBJECT PROPERTY.
8      c. Plaintiff contends that defendants have been compensated for their losses, if any, due
9  to plaintiffs default on the LOAN, under an insurance reimbursement such that little or no
10 amount is due and payable on the LOAN. However, plaintiff believes and thereon alleges that
11 the defendants will contend that they were not paid and are due money which can be or has been
12 received under the sale of the SUBJECT PROPERTY in a trustee sale.
13     57. Plaintiffs desire a judicial determination of their respective rights, and a declaration as
14 defendants' right to proceed with the non-judicial foreclosure of the SUBJECT PROPERTY; the
15 plaintiff's right to reimbursement or offset from the defendant's receipt of funds for the alleged
16 default of plaintiff.
17     58. Plaintiff alleges that a judicial declaration is necessary and appropriate at this time
18 under the circumstance in order that plaintiff may ascertain their rights and duties under the
19 contracts, credits or offsets, rights of the defendants to foreclose and to all parties right to claim
20 ownership and/or title to the SUBJECT PROPERTY.
21     59. Plaintiff alleges that defendants' actions have undermined their right to the
22 possession, title and quiet enjoyment of the SUBJECT PROPERTY and have interfered, and
23 continue to interfere with plaintiff's rights.

### SIXTH CAUSE OF ACTION
### (ACCOUNTING AS TO ALL DEFENDANTS)

26     60. Plaintiffs reallege and incorporate by reference all the allegations of the Verified
27 Complaint, as though herein fully set forth.
28     61. The amount of money still owed to defendants LASALLE, BANK OF AMERICA,
29 MERRILL LYNCH is unknown to plaintiffs and cannot be determined without an accounting.
30     62. Plaintiff is informed and believes and thereon alleges that defendants LASALLE,
31 BANK OF AMERICA, MERRILL LYNCH and the unknown defendants claiming to be a true
32 "holder in due course" of the promissory note have been partially or fully compensated by

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 9**

insurance upon the first default. Thus, an accounting of payments received in satisfaction of the promissory note must be made.

63. Plaintiffs request that the defendants be ordered to provide an accounting accordingly. The only way for the plaintiff to ascertain the actual financial information relating to their account and or obligation on the promissory note is to obtain said information from the defendants who are in possession of the financial and account information sought.

**WHEREFORE, PLAINTIFFS PRAYS FOR JUDGEMENT AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:**

1. That the foreclosure be deemed illegal, void and be set aside;
2. That the court declare that the title to the SUBJECT PROPERTY is vested in plaintiffs alone and that defendants and each of them, herein be declared to have no estate, right, title or interest in the SUBJECT PROPERTY and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the SUBJECT PROPERTY, adverse to plaintiffs herein;
3. For a declaration by the court that the insurance proceeds paid to the defendants be deemed an unjust enrichment and said proceeds be credited in all or in part to the plaintiffs and applied to the debt, if any secured by the promissory note;
3. For an accounting of all funds received by the defendants;
4. For any other relief the Court may deem just and proper.

Executed on: May 18, 2010

S/Edward J. Peckham
Attorney for Plaintiffs DBR Strategies, Inc. and Herman Q. Christopher

**PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 10**

## VERIFICATION

I, HERMAN Q. CHRISTOPHER for myself acknowledge that I am the plaintiff in the above-entitled action. I have read the above SECOND AMENDED Verified Complaint for Damages, and know the contents thereof. The same is true of my knowledge, except as to those mattes that are therein stated on information and belief, concerning those matters; I believe them to be true. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true ad correct as executed this 18 day of May, 2010 in San Diego, California.

*/s/ Herman Christopher*

HERMAN Q. CHRISTOPHER

## **VERIFICATION**

I, DESHAWN REILLY, am the president of DBR Strategies, Inc. and on behalf of said corporation acknowledge that said corporation is the plaintiff in the above-entitled action. I have read the above SECOND AMENDED Verified Complaint, and know the contents thereof. The same is true of my knowledge, except as to those mattes that are therein stated on information and belief, concerning those matters; I believe them to be true. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true ad correct as executed this 18 day of May, 2010 in San Diego, California.

*[signature]*
DESHAWN REILLY, President DBR
Strategies, Inc

PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT - 11