1   Stuart B. Wolfe (SBN 156471)
    sbwolfe@wolfewyman.com
2   Andrew A. Bao (SBN 247092)
    aabao@wolfewyman.com
3   WOLFE & WYMAN LLP
    5 Park Plaza, Suite 1100
4   Irvine, California 92614-5979
    Telephone:  (949) 475-9200
5   Facsimile:   (949) 475-9203

6   Attorneys for Defendants
    FIRST FRANKLIN FINANCIAL CORPORATION; HOME LOAN
7   SERVICES, INC; BANK OF AMERICA; MORTGAGE
    ELECTRONIC REGISTRATION SERVICES, INC.; LA SALLE
8   BANK NATIONAL ASSOCIATION

9               UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11

12  HERMAN Q. CHRISTOPHER,                  Case No. 10-CV-0017 DMS CAB
    DESHAWN REILLY, individuals, as ,
13  ,                                       DEFENDANTS FIRST FRANKLIN
                                            FINANCIAL CORPORATION;
14              Plaintiffs,                 HOME LOAN SERVICES, INC;
                                            BANK OF AMERICA; MORTGAGE
15      v.                                  ELECTRONIC REGISTRATION
                                            SERVICES, INC's MEMORANDUM
16  FIRST FRANKLIN FINANCIAL                OF POINTS AND AUTHORITIES IN
    CORPORATION, a Delaware                 SUPPORT OF MOTIONS TO
17  Corporation; LASALLE BANK, N.A.;        DISMISS AND STRIKE PLAINTIFF'S
    MERILL LYNCH MORTGAGE                   AMENDED COMPLAINT
18  LOAN TRUST 2007-4, Mortgage
    Loan Asset-Backed Certificates,         Date:        August 6, 2010
19  Series 2007-4 , Its Successors and/or   Time:            1:30 p.m.
    Assigns; BANK OF AMERICA, N.A.          Place:       Dept. 10
20  a Delaware corporation; MERSCORP,
    INC., a Virginia Corporation,           Trial Date:  None
21  MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC., a
22  subsidiary of MERSCORP, Inc., a
    Delaware corporation; HOME LOAN
23  SERVICES, INC.; CAL-WESTERN
    RECONVEYANCE CORP; AND
24  DOES 1 individuals 1 to 100,
    Inclusive; and ROES Corporations 1
25  to 30, Inclusive; and all other persons
    and entities unknown claiming any
26  right, title, estate, lien or interest in the
    real property described in the
27  ///

28  ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  Complaint adverse to Plaintiff's
   ownership, or any cloud upon
2  Plaintiff's title thereto,

3                      Defendants.

4

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs have been given two opportunities to properly plead an operative complaint. The equitable relief causes of action (1,2,3 and 5th causes of action) to set aside the foreclosure sale are not accompanied by allegations of tender. These claims further rely on the argument that the original promissory note was not in the possession of the foreclosing parties. This court, in its order granting Defendants' motion to dismiss the FAC, specifically addressed the applicability of tender and possession of the original note (Request for Judicial Notice "RFJN," **Exhibit 1**). Plaintiffs appear to have ignored this court's previous order.

The SAC now further inserts claims for unjust enrichment and accounting that fail as a matter of law. Plaintiffs continue to waste the judicial resources of this court by filing meritless claims. Plaintiffs had <u>three</u> opportunities to plead one viable claim and have <u>still</u> failed to do so. The court should grant the motion to dismiss <u>with</u> prejudice.

### II.   SUMMARY OF ALLEGATIONS

The parcel of real property at issue in this lawsuit is located at 10621 Birch Bluff Ave., San Diego, CA. 92131 ("Subject Property"). This action arises from a first deed of trust securing a loan on the Subject Property for an amount of $1,200,000.00 ("Subject Loan," SAC, **Exhibit C**) obtained in April 2007. Plaintiffs <u>admit</u> that a mere two months later in June 2007, plaintiff CHRISTOPHER defaulted on the Subject Loan (SAC, ¶15). Plaintiffs <u>admits</u> that Plaintiff CHRISTOPHER no longer has an interest in the Subject Property as of July 2007 (SAC, ¶ 2, **Exhibit B**) Plaintiffs then <u>admit</u> that two assignments of the deed of trust were recorded: 1) an Assignment of the Deed of Trust (securing the Subject Loan) dated August 31, 2007 from MERS to FFFC; and 2) an Assignment of the Deed of Trust (securing the Subject Loan) dated March 3, 2008 from FFFC to La Salle (SAC, ¶17-18, **Exhibits D and E**).

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   Plaintiffs base all causes of action on the premises that: 1) the assignments
2   were somehow erroneous (SAC, ¶19-20); 2) The foreclosing Defendants were not
3   the owners of the promissory note underlying the Subject Loan (SAC, ¶ 31); and 3)
4   Defendants have violated an unknown "pooling and service agreement" (SAC, ¶27-
5   29).  Based on such allegations, all claims in the SAC should be dismissed <u>with</u>
6   prejudice.

7   **III.   <u>MOTION TO DISMISS</u>**

8   Plaintiffs have completely failed to state a claim for relief against any of the
9   Defendants herein.

10   **A.   <u>Standard of Review</u>**

11   A motion to dismiss under <u>Federal Rules of Civil Procedure</u>, Rule
12   12(b)(6) may be granted where the court determines that even if the facts alleged are
13   true, plaintiff would not be entitled to any relief.  <u>DeLaCruz v. Tormey</u>, 582 F.2d 45,
14   48 (9th Cir. 1978).  "A complaint must contain either direct or inferential allegations
15   respecting all the material elements to sustain a recovery under *some* viable legal
16   theory."  <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir.
17   1988).  While the court will assume that all factual allegations in the complaint are
18   true and construe them in a light most favorable to Plaintiff, the court is not required
19   to accept "legal conclusions" if those conclusions cannot reasonably be drawn from
20   the alleged facts.  <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 755 (9th Cir.
21   1994).

22   The factual allegations in a complaint "must be enough to raise a right to relief
23   above speculative level" and "must contain something more …than… the statement
24   of facts that merely creates a suspicion [of] a legally cognizable right of action."
25   <u>Bell Atlantic Corporation v. Twombly</u> (2007) 550 U.S. 544, *citing* <u>Papasan v.</u>
26   <u>Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  Further, it is
27   improper for a court to assume that the plaintiff can prove facts that have not been
28   alleged or that the defendants have violated laws in ways that have not been alleged.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  Brown v. Rumsfeld 211 F.R.D. 601, 604 (N.D. Cal. 2002), *citing* Associated General
2  Contractors of CA, Inc. v. CA State of Carpenters, 459 U.S. 519, 526 (1983).

3      **B.    The Underlying Premises of the SAC are Flawed and Thus There is**
4          **No Basis to Allege the Equitable Claims in the SAC**

5      Plaintiffs rely on the arguments that the assignments of the deed of trust were
6  somehow erroneous (SAC, ¶19-20), the foreclosing Defendants were not the owners
7  of the promissory note underlying the Subject Loan (SAC, ¶ 31) and Defendants
8  have violated an unknown "pooling and service agreement" (SAC, ¶27-29).  The
9  first, second, third and fifth claims for relief to set aside the sale, cancel the trustee's
10 deed upon sale, quiet title and declaratory relief, respectively, therefore fail as a
11 matter of law.

12      **1.    A Deed of Trust Does Not Need to be Assigned in Order for**
13          **Defendants to Foreclose**

14     California law does not require that an assignment of deed of trust be recorded
15 for a foreclosure to occur.  Under California Civil Code section 2924(a)(1), a
16 "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the
17 foreclosure process.  Civil Code section 2924b(4), states that a: "person authorized to
18 record the notice of default or the notice of sale" includes "an agent for the
19 mortgagee or beneficiary, an agent of the named trustee, any person designated in an
20 executed substitution of trustee, or an agent of that substituted trustee." "Upon
21 default by the trustor, the beneficiary may declare a default and proceed with a non-
22 judicial foreclosure sale." Moeller v. Lien (1994) 25 Cal.App.4th 822, 830, 834.
23 Nothing in the comprehensive foreclosure statutory framework required an
24 assignment to be recorded.   In Poe v. Francis (1933) 132 Cal.App. 330 , the Court
25 rejected the contention that the lack of assignment of a deed of trust (much less the
26 lack of a recorded assignment) rendered the assigned obligation unenforceable.  The
27 Poe court noted: "On the point that there was no assignment of the trust deed after
28 assignment of the note, we consider the assignment of the note sufficiently

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   transferred the chose.…" (Id. at 336, citations omitted).

2        U.S. District Courts have also come to the same conclusion.  Recently, the

3   USDC, Northern District of California held that Civil Code  section 2932.5 does **not**

4   apply to a deed of trust.  <u>Roque v. Suntrust Mortg., Inc.</u> 2010 WL 546896

5   (N.D.Cal.,2010).  In <u>Roque</u>, US District Court Judge Ronald M. Whyte held that

6   section 2932.5 (for recording assignments) only applies to the trustee, as the power

7   of sale under a deed of trust is held by the foreclosure trustee, not the beneficiary.

8        While nothing required an assignment of the deed of trust be recorded in this

9   case, the assignments were duly recorded in this matter (SAC, **Exhibits D and E**).

10  To maneuver around this, plaintiffs attempt to argue that the assignments were "out

11  of order" despite the fact that the recording of the assignments clearly indicate

12  otherwise.  (SAC, ¶19).  Plaintiff can cite no law requiring that the Assignment be

13  recorded in order for the foreclosure to go forward.

14       Further, under <u>Civil Code</u> section 2934a(b), the Substitution of Trustee may

15  be recorded **after** the NOD records.  In the recent case of <u>Reynoso v. Paul Financial,</u>

16  <u>LLC</u> 2009 WL 3822298 at *3 (N.D.Ca. 2009), US District Court Judge Samuel

17  Conti addressed the very issue of the timing of the recording of the substitution of

18  trustee.  In <u>Reynoso</u>, the substitution of trustee recorded after the NOD.  Judge Conti

19  held that <u>Civil Code</u> section 2934a permitted the post-NOD recording.  Thus, the

20  substituted trustee held the power of sale to proceed with the foreclosure.  (<u>Id</u>.).

21  Here, Defendants duly recorded a substitution of trustee prior to the trustee's sale on

22  the Subject Property (RFJN, **Exhibit 2**).

23       2.   <u>**Defendants Do Not Need to Possess the Original Note to**</u>

24            <u>**Foreclose**</u>

25       Plaintiffs again attempt to argue that since none of the Defendants possess the

26  original promissory note underlying the Subject Loan, the parties had no authority to

27  foreclose (SAC, ¶26).  District Courts all across California have rejected this

28  argument.  (<u>Harrington v. Home Capital Funding, Inc.</u> 2009 WL 514254 (SD. Ca.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Mar. 2, 2009); <u>Hernandez v. California Reconveyance Co.</u> 2009 WL 464462 (ED.Cal. Feb. 24, 2009); <u>Sicaros v. NDEX West, LLC</u> 2009 WL 385855 (SD.Cal. Feb. 13, 2009); <u>Hernandez v. Reconstruct Company</u> 2009 WL 250005 *1, *2 (SD Cal. Feb. 2, 2009); <u>Carbajal v. Five Star Services, LLC</u> 2009 WL 249795 (SD.Cal. Feb, 2, 2009); <u>Candelo v. NDEX West, LLC</u> 2008 WL 5382259 (ED.Cal. Dec. 23, 2008).

This court further noted the inapplicability of this argument to support any claims for relief in its order granting the motion to dismiss the FAC (RFJN, **Exhibit 1**, page 4, lines 11-21).  This allegation does not support any claims for relief.

### 3.   The Allegation that Defendants Violated "Pooling and Servicing Agreements" are Unintelligible

Plaintiffs further allege that Defendants have violated unknown "pooling and servicing agreements."  Apparently, only "depositors of promissory notes" must comply with these alleged agreements (SAC, ¶27).  Thus, plaintiffs not only fail to identify what the terms of these agreements are, plaintiffs further fail to allege how a violation of these "agreements" would entitle plaintiffs to any relief.  Plaintiffs do not appear to be a third party beneficiary or in any way have the ability to enforce the terms of such "agreements."

Thus, the basic premises of the SAC are severely flawed and do not support any claim for relief alleged in the SAC.

### C.   Plaintiffs' Failure to Properly Allege Tender is Fatal to All Equitable Causes of Action in the SAC[2]

It is well established that before a borrower can bring a cause of action to challenge a foreclosure, the borrower must pay the entire loan amount prior to the sale.  <u>U.S. Cold Storage of CA v. Great Western Savings & Loan Ass'n</u>, (1985), 165

---

[2] This Section is directed at the first, second, third and fifth claims for relief in the SAC.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  Cal.App.3d 1114, 1222.  Thus, to challenge the foreclosure sale, a "valid and viable

2  tender of payment of indebtedness" is an essential element of the action.  <u>FPCI RE-</u>

3  <u>HAB 01 v. E & G Investments, Ltd.,</u>  (1989) 207 Cal.App.3d 1018, 1021;  <u>Karlsen v.</u>

4  <u>American Savings & Loan Association</u> (1971) 15 Cal.App.3d 112, 116; <u>Arnolds</u>

5  <u>Management Corp. v. Eischen</u> (1984) 158 Cal.App.3d 575, 577-579.

6         In ruling on the previous motion to dismiss the FAC, the court noted on its

7  order that tender is indeed essential to an action to set aside a foreclosure sale (See

8  RFJN, **Exhibit 1**, page 4, line 2, Section A, lines 2-7).  Although each of the claims

9  challenges the foreclosure sale, the *verified SAC completely fails to provide one*

10 *allegation of tender.*  Furthermore, plaintiffs admit that the defaulted on the Subject

11 Loan two months after the Subject Loan was obtained (SAC, ¶15).   There is not one

12 allegation plaintiffs made any attempts to even offer to provide valid tender.  Due to

13 this fatal defect, the court should dismiss <u>with</u> prejudice these four claims for relief

14 on this basis alone.

15        D.    <u>Plaintiffs Allege No Facts to Support an Accounting Claim</u>

16        Plaintiffs allege that they are entitled to an "accounting" because the amount

17 of money owed to defendants is "unknown" (SAC, ¶61).  An accounting claim can

18 be alleged only where a fiduciary relationship exists between the parties; where no

19 such relationship exists, an accounting is appropriate only if the accounts are so

20 complicated that ordinary legal action demanding a fixed sum is impractical.  5

21 <u>Witkin, California Procedure</u> (4th Edition) Section 776, p. 233; <u>St. James Church of</u>

22 <u>Quiet Holiness v. Superior Court</u> (1955) 135 Cal.App.2d 352, 359.

23        Plaintiffs cannot state a claim for accounting.  There is no alleged fiduciary

24 relationship between Plaintiffs and Defendants.  Further, Plaintiffs do not allege that

25 the accounts are "complicated" or in any way difficult for an "ordinary legal action"

26 to ascertain the demanded sum.  Plaintiffs admit they defaulted on the Subject Loan

27 in June 2007.  Any amount owed is easily ascertainable and computable without a

28 claim for accounting (i.e., Notice of Default and Notice of Sale lists the amount

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  owed; See SAC, **Exhibits F and G**).  Accordingly, this court should dismiss this
2  claim <u>with</u> prejudice.

3      **E.    <u>Plaintiffs' Claim for Unjust Enrichment Does Not Allege an</u>**
4         **<u>Inadequate Remedy at Law</u>**

5      In a claim for unjust enrichment, Plaintiffs are actually asking for restitution.
6  A claim for restitution cannot be asserted unless there is an inadequate remedy at
7  law.  <u>Allen v. Powell</u> (1967) 248 Cal.App.2d 502, 509.  Further, an individual is
8  required to make restitution if he or she is *unjustly* enriched at the expense of
9  another."  <u>McBride v. Boughton</u> (2004), 123 Cal. App. 4th 379, 389; <u>California</u>
10  <u>Federal Bank. V. Matreyek</u> (1992), 8 Cal. App. 4th 125, 131.  The fact that a person
11  receives benefits from another "is not, by itself, sufficient to require restitution."  <u>Id</u>.
12  A defendant is only required to make restitution if the enrichment is *unjust*.  <u>Id</u>.;
13  <u>Enterprise Leasing Corp. v. Shugart Corp.</u> (1991) 231 Cal.App.3d 737, 748.

14      Plaintiffs fail to allege how any of the Defendants have been unjustly
15  enriched.  Plaintiff provides boilerplate allegations that "Defendants" obtained
16  "insurance reimbursements" from unknown insurance policies (SAC ¶50). How this
17  alleged benefit is unjust is unclear when plaintiffs admit that they defaulted on the
18  Subject Loan two months after the Subject Loan was obtained.  Again, plaintiffs
19  must allege that Defendants were <u>*unjustly*</u> enriched rather than merely obtaining
20  compensation.  Furthermore, plaintiffs do not allege that damages or their equitable
21  relief claims would be inadequate remedies at law.

22  **IV.   <u>MOTION TO STRIKE</u>**

23      Defendants further move this Court for an order to strike plaintiff
24  CHRISTOPHER from the SAC.

25      **A.    <u>Standard of Review</u>**

26      A party may move to strike any "insufficient defense or any redundant,
27  immaterial, impertinent, or scandalous matter."  FRCP 12(f).  A motion to strike
28  avoids "the expenditure of time and money that will arise from litigating 'spurious

7

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    issues' by eliminating those issues prior to trial." <u>Taylor v. Quall</u>, 471 F.Supp.2d

2    1053, 1058-1059 (C.D.Cal. 2007.).  In considering a motion to strike, courts

3    generally apply the same test used to determine a motion to dismiss under FRCP

4    Rule 12(b)(6).  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*

5    *on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

6    Accordingly, the basis for the motion to strike must appear on the face of the

7    pleading or from matters which the court may take judicial notice.  <u>Montecino v.</u>

8    <u>Spherion Corp.</u>, 7 F.Supp.2d 965, 967 (C.D.Cal. 2006); <u>SEC v. Sands</u>, 902 F.Supp.

9    1149, 1165 (C.D.Cal. 1995).  The federal courts also have the authority to strike the

10   prayer for relief where the damages sought are not recoverable as a matter of law.

11   <u>Tapley v. Lockwood Green Engineeers, Inc.</u>, 502 F.2d 559, 560 (8th Cir. 1974);

12   <u>Bureerong v. Uvawas</u>, 922 F.Supp.1450, 1479, fn. 34 (C.D.Ca l.1996).

13   **B.    <u>PLAINTIFF CHRISTOPHER IS NOT A PROPER PLAINTIFF</u>**

14   **<u>TO THE SAC</u>**

15   Plaintiffs <u>admit</u> in the SAC that Plaintiff CHRISTOPHER conveyed the entire

16   interest in the Subject Property to Plaintiff DBR Strategies, Inc. in July 2007 (SAC,

17   ¶16).  The SAC is only verified by Plaintiff DBR Strategies, Inc. and not Plaintiff

18   CHRISTOPHER.  Plaintiff  CHRISTOPHER has no interest in the Subject Property

19   since July 2007 and each and every single claim in the SAC involves alleged conduct

20   that occurred after 2007 (i.e., assignments of interests recorded from August 2007

21   and after, foreclosure process in 2007-2008).  Thus, even if all the SAC allegations

22   are true, plaintiff CHRISTOPHER would have no standing to obtain relief against

23   any of the Defendants based on the allegations in the SAC.

24   ///

25   ///

26   ///

27   ///

28   ///

DEFENDANTS' MOTIONS TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT
CASE NO: 10-CV-0017 DMS CAB

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## V.    CONCLUSION

Based on the foregoing, Defendants requests this Court grant their motion to dismiss with prejudice.  Should any portion of the motion to dismiss be overruled, Defendants request that plaintiff CHRISTOPHER be stricken from the SAC without leave to amend.

DATED:  June 7, 2010                          WOLFE & WYMAN LLP


By: /s/ Andrew A. Bao
    STUART B. WOLFE
    ANDREW A. BAO
Attorneys for Defendants
**FIRST FRANKLIN FINANCIAL
CORPORATION; HOME LOAN
SERVICES, INC; BANK OF AMERICA;
MORTGAGE ELECTRONIC
REGISTRATION SERVICES, INC.; LA
SALLE BANK NATIONAL
ASSOCIATION**

DEFENDANTS' MOTIONS TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT
CASE NO: 10-CV-0017 DMS CAB