1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  HERMAN Q. CHRISTOPHER, et al.,                CASE NO. 10CV17 DMS (CAB)
12                              Plaintiffs,        **ORDER GRANTING**
                                                  **DEFENDANTS' MOTION TO**
13        vs.                                     **DISMISS AND DEFENDANTS'**
                                                  **MOTION TO DISSOLVE**
14                                                **PRELIMINARY INJUNCTION**
15  FIRST FRANKLIN FINANCIAL CORP., et
    al.,
16                              Defendants.
17
18          Pending before the Court are Defendants' motions to dismiss and to strike portions of

19  Plaintiffs' Second Amended Complaint ("SAC"). Defendants also move to dissolve the preliminary

20  injunction that was issued by the San Diego Superior Court prior to the matter being removed to this

21  Court. For the following reasons, the motions are granted.

22                                          **I.**

23                                    **BACKGROUND**

24          This matter arises out of Plaintiff Herman Q. Christopher's home loan and subsequent

25  foreclosure of real property located in San Diego, California (the "Subject Property"). Plaintiffs are

26  Herman Q. Christopher and DBR Strategies, Inc. Defendants are First Franklin Financial Corporation

27  ("Franklin"), LaSalle Bank, N.A. ("LaSalle"), Merrill Lynch First Franklin Mortgage Loan Trust 2007-

28  4 ("Merrill Lynch"), and Bank of America.

                                        - 1 -                                    10cv17

On or about April 20, 2007, Plaintiff Christopher obtained a loan from Defendant Franklin in exchange for a deed of trust on the Subject Property. (SAC ¶¶ 13-14.) The deed of trust was recorded on April 26, 2007. (*Id.* at Ex. C.) Christopher went into default on the loan on or about June 1, 2007. (*Id.* at ¶ 15.) Christopher subsequently recorded a grant deed assigning all rights, title, and interest to the Subject Property to Plaintiff DBR Strategies, Inc., effective on or about July 10, 2007. (*Id.* at ¶ 2.) On August 29, 2007, Franklin signed an Assignment of Deed of Trust naming LaSalle as the assignee with a date of assignment of March 3, 2008. (*Id.* at ¶ 17, Ex. D.) On August 31, 2007, Mortgage Electronic Registration Systems, Inc., as nominee for Franklin, signed an Assignment of Deed of Trust naming Franklin as the assignee with a date of assignment of August 31, 2007. (*Id.* at ¶ 18, Ex. E.) Plaintiffs allege that these assignments of the deed of trust were out of order. (*Id.* at ¶ 19.) On September 12, 2007, Defendants LaSalle and Merrill Lynch, along with Cal-Western Reconveyance Corporation ("Cal-Western"), caused to be recorded a notice of default on the Subject Property. (*Id.* at ¶ 20, Ex. F.) On February 1, 2008, Defendants recorded a Notice of Trustee's Sale, setting the sale date for February 20, 2008. (*Id.* at ¶ 22, Ex. G.) The Subject Property was sold at the trustee's sale to Defendants LaSalle and Merrill Lynch. (*Id.* at ¶ 23.)

Plaintiffs' original complaint was removed from state court on January 5, 2010. (Doc. 1.) On February 5, 2010, Plaintiffs filed a First Amended Complaint which this Court subsequently dismissed without prejudice. (Doc. 11.) Plaintiffs filed the SAC on May 19, 2010. (Doc. 12.) The SAC asserts six claims for relief: 1) to set aside sale; 2) to cancel trustee's deed; 3) quiet title; 4) unjust enrichment; 5) declaratory relief; and 6) accounting. Defendants filed motions to dismiss and strike on June 7, 2010, and a motion to dissolve the preliminary injunction on June 23, 2010. (Docs. 13, 15.) Plaintiffs filed an opposition to each motion and Defendants filed a reply to each. (Docs. 17-20.)

## II.

## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of

1  review for pleadings in the context of 12(b)(6) motions to dismiss.  *See Ashcroft v. Iqbal*, ___ U.S.

2  ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion

3  to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as

4  true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting

5  *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

6  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

7  alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible

8  claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

9  judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

10  Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that

11  are not entitled to the assumption of truth."  *Id.* at 1951.  It then considered "the factual allegations in

12  respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.*

13                                                        **III.**

14                                              **DISCUSSION**

15           Plaintiffs contend that there was a mis-assignment of the deed of trust, that the promissory note

16  and the deed of trust were not properly assigned together, and that Defendants violated a pooling and

17  service agreement.  Plaintiffs further contend that Defendants have been unjustly enriched by receipt

18  of payments from an insurance policy and that an accounting of the remaining balance owed to

19  Defendants is necessary.  Plaintiffs assert that the SAC contains sufficient facts and allegations to put

20  Defendants on notice of the claims against them.  In contrast, Defendants contend that Plaintiffs have

21  failed to allege tender, that neither a recording of the assignment of the deed of trust nor possession

22  of the promissory note was necessary for the foreclosure to occur, and that the allegations regarding

23  the pooling and service agreement are inadequately pled.  Defendants further contend that Plaintiffs

24  allege no facts supporting an accounting claim, that Plaintiffs' claim for unjust enrichment does not

25  allege an inadequate remedy at law, and that Plaintiffs have failed to allege facts supporting their claim

26  that any enrichment of Defendants was in fact unjust.

27           Assuming that all factual allegations contained in the SAC are true and construing them in the

28  light most favorable to Plaintiffs, the SAC does not provide sufficient notice to Defendants to enable

1  Defendants to respond to Plaintiffs' claims and fails to state "a claim for relief that is plausible on its

2  face." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3  statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Furthermore,

4  as Plaintiffs have had ample opportunity to adequately plead claims against Defendants, leave to

5  amend will not be granted. Accordingly, the Court dismisses Plaintiffs' SAC with prejudice.

6  Nevertheless, the Court addresses Defendants' arguments as to each individual claim.

7  **A.     Challenges to the Non-Judicial Foreclosure Proceeding**

8          Defendants contend that Plaintiffs' First, Second, Third, and Fifth claims to set aside the sale,

9  to cancel the trustee's deed, to quiet title, and for declaratory relief, respectively, all of which seek to

10  challenge the non-judicial foreclosure proceeding, fail because Plaintiffs have failed to allege tender.

11  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a

12  voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal. App. 3d 112, 117

13  (1971). Although Plaintiffs have alleged they are "willing and able to tender any amounts to the real

14  and true owners of the original promissory note upon proof that the note is in the lawful possession

15  of the true . . . owners and upon any credits paid by insurance in the event of a default," such

16  conditional allegation is insufficient to support a claim for relief challenging a non-judicial foreclosure

17  sale. (SAC ¶ 48.) For an offer of tender to be valid, it must be unconditional. *Karlsen*, 15 Cal. App.

18  3d at 118-20. Although the requirement of tender may be waived "where it would be inequitable to

19  exact such offer of the party complaining of the sale," Plaintiffs have failed to allege facts in the SAC

20  showing that requiring tender in the instant action would be inequitable. *Humboldt Sav. Bank v.*

21  *McCleverty*, 161 Cal. 285, 291 (1911) (citation omitted). Accordingly, Plaintiffs' failure to allege

22  unconditional tender is fatal to their claims seeking to challenge the non-judicial foreclosure

23  proceeding. Despite this, the Court briefly addresses the allegations made by Plaintiffs in support of

24  such claims.

25          Plaintiffs allege in the SAC that Defendants had no authority to foreclose on the Subject

26  Property because none of Defendants is in possession of the original promissory note underlying the

27  loan at issue. (SAC ¶¶ 24, 26.) However, in the case of a non-judicial foreclosure sale pursuant to

28  power of sale contained in a deed of trust, no party needs to physically possess the promissory note

1   for the foreclosure to occur.  *See* Cal. Civ. Code § 2924(a)(1); *see also Harrington v. Home Capital*

2   *Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at * 4 (S.D. Cal. Mar. 2, 2009) ("There

3   is no requirement that the original note be in possession of or produced by the party filing the notice

4   of default or giving the notice of sale.").  To the extent Plaintiffs allege that the deed of trust and

5   promissory note were not properly assigned or transferred together, the assignments attached as

6   exhibits to the SAC by Plaintiffs indicate that each assignment was for both the deed of trust and the

7   note.  (SAC Ex. D, Ex. E.)

8          Plaintiffs also allege that there is a discrepancy in the dates of the assignments of the deed of

9   trust that renders the assignment invalid.  (SAC ¶ 19.)  "[California] Civil Code sections 2924 through

10  2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale

11  pursuant to a power of sale contained in a deed of trust."  *Moeller v. Lien*, 25 Cal. App. 4th 822, 830

12  (1994).  Nothing in this comprehensive framework requires the assignment of a deed of trust to be

13  recorded in order for a non-judicial foreclosure to occur.  Rather, "an agent for the mortgagee or

14  beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee,

15  or an agent of that substituted trustee" constitutes a "person authorized to record the notice of default

16  or the notice of sale".  Cal. Civ. Code § 2924b(b)(4).  On September 10, 2007, a Substitution of

17  Trustee was executed naming Cal-Western as the trustee under the subject deed of trust.[1]  Cal-Western

18  was thus authorized to subsequently record the notice of default and the notice of trustee's sale and

19  to proceed with the non-judicial foreclosure proceeding.

20         Plaintiffs further allege that Defendants have violated a pooling and service agreement.  (SAC

21  ¶¶ 27-30.)  Plaintiffs' allegations, however, fail to identify the terms of the agreement or how such

22  alleged violations would entitle Plaintiffs to relief.  Accordingly, the allegations regarding the pooling

23  and service agreement are insufficient to support a plausible claim for relief.

24         For each of the above-stated reasons, Plaintiffs have failed to establish that there is a present

25

26         [1]      In support of their motion to dismiss, Defendants requested that the Court take judicial
    notice of 1) this Court's prior Order granting Defendants' motion to dismiss Plaintiffs' First Amended
27  Complaint in the present action, dated April 30, 2010, and 2) the Substitution of Trustee recorded in
    the San Diego County Recorder's office on January 22, 2008.  As these documents are matters of
28  public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request for
    judicial notice is granted.

and actual controversy between the parties meriting declaratory relief.

**B.     Unjust Enrichment**

Plaintiffs' Fourth claim for relief alleges that "[p]ayments to the defendants under any insurance policy upon default in payments by the plaintiffs and reacquisition of the SUBJECT PROPERTY constitute an unjust enrichment to defendants because defendants have been partially or fully compensated for their losses." (SAC ¶ 52.)  The Court construes Plaintiffs' purported claim for unjust enrichment as an attempt to plead a claim for relief giving rise to a right of restitution.  A party is required to make restitution "if he or she is unjustly enriched at the expense of another.  A person is enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (citations and quotations omitted).  Plaintiffs have failed to adequately plead facts showing that any enrichment of Defendants pursuant to an insurance policy was unjust.

**C.     Accounting**

Plaintiffs' Sixth claim for relief seeks an accounting as to all Defendants because "[t]he amount of money still owed to defendants LASALLE, BANK OF AMERICA, MERRILL LYNCH is unknown to plaintiffs and cannot be determined without an accounting." (SAC ¶ 61.)  An accounting may be sought "where a fiduciary relationship exists between the parties" or "where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable."  5 Witkin, Cal. Proc. 5th (2008) Pleading, § 819.  "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law." *St. James Church of Christ Holiness v. Super. Ct. of L.A. County*, 135 Cal. App. 2d 352, 359 (1955).

Plaintiffs seek an accounting of "payments received in satisfaction of the promissory note" based on the belief that Defendants "have been partially or fully compensated by insurance upon the first default." (SAC ¶ 62.)  Plaintiffs allege that "[a]ll defendants are agents, employees and other fiduciaries of each other as set forth" in the SAC. (SAC ¶ 11.)  However, Plaintiffs fail to further plead facts that sufficiently support the assertion that a fiduciary relationship exists between the Defendants. Additionally, although Plaintiffs' Opposition to Defendants' Motion to Dismiss claims that the complex nature of the securitization process warrants an accounting, the SAC itself fails to allege that the accounting is so complicated that an ordinary legal action demanding a fixed sum is

impracticable.  Accordingly, it appears from the SAC that no accounting is necessary.

**IV.**

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is granted.  Plaintiffs have had ample opportunity to properly plead a case and have failed to do so.  Therefore, Plaintiffs' Second Amended Complaint is dismissed with prejudice.  Defendants' motion to strike is denied as moot. Finally, in light of the Court's decision, Defendants' motion to dissolve the preliminary injunction is granted.

**IT IS SO ORDERED.**

DATED:  September 29, 2010

_____

HON. DANA M. SABRAW
United States District Judge

10cv17